UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDI ROSENBERG,

                Plaintiff,

      -against-

UNITED STATES, et al.,

                Defendants.

22-CV-6174 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On July 27, 2022, the Court dismissed this action without prejudice because Plaintiff had not sought leave from the court to file as required by the September 20, 2021, bar order issued in *Roe v. Data Advantage Group, Inc.*, ECF 21-CV-1397, 7.[1] On August 25, 2022, Plaintiff filed a motion titled, "EMERGENT ORDER TO SHOW CAUSE – 22-CV-6174 (LTS) CLARIFICATION, CORRECTION & VACATUR OF PRIOR & NEW SANCTIONS ET SEQ PURSUANT TO FRCP R. 59(e) & 60(b), FRAP 10 ET SEQ.NOTICE OF APPEAL." (ECF 5.)[2]

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings,"

---

[1] In *Roe*, No. 21-CV-1397 (LTS), Plaintiff proceeded under the pseudonym "John Roe."

[2] The Court quotes the motion verbatim. All capitalization, punctuation, and grammar are in the original.

leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A.   **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Rather than challenging the dismissal of this action for his failure to comply with the September 20, 2021, bar order, Plaintiff challenges the validity of the bar order. He contends that the Court deprived him of notice and opportunity to respond to a May 7, 2021, order to show cause in *Roe v. Data Advantage Group, Inc.*, ECF 21-CV-1397, 4, and reiterates grievances concerning how his motions and other submissions in that case were treated by this court and the Court of Appeals for the Second Circuit.

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. His attempt to challenge the validity of the

bar order from *Roe v. Data Advantage Group, Inc.*, ECF 21-CV-1397, 7, and other matters from that case must be denied. The Court has already considered and rejected Plaintiff's challenges and contentions in that case and will not reconsider them here. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.     Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3, for the same reasons as his motion under Rule 59(e), because he has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court also finds that, even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

Plaintiff's submission (ECF 5), construed as a motion for reconsideration, is denied. All other pending matters in this case are terminated.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 30, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge